# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| SHELDON MAYO, | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 3:17-CV-474-L |
| PNC BANK, N.A., | § | |
| Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Before the court is Defendant PNC Bank N.A.'s Motion to Dismiss (Doc. 4), filed February 24, 2017. After careful consideration of the motion, brief, pleadings, and applicable law, the court **grants** Defendant PNC Bank N.A.'s Motion to Dismiss.

**I.     Factual and Procedural Background**

On February 2, 2017, Plaintiff Sheldon Mayo ("Plaintiff" or "Mayo") brought this action against Defendant PNC Bank, N.A. ("Defendant" or "PNC Bank") in the 162nd District Court of Dallas County, Texas. Plaintiff sought injunctive relief to enjoin the foreclosure of property located at 2225 Edinburgh Way, Garland, Texas 75040 (the "Property"). On February 20, 2017, Defendant removed this action to the district court for the Northern District of Texas on grounds that complete diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000, exclusive of interest and costs.

On February 24, 2017, Defendant moved to dismiss this action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff did not file a response to the Motion to Dismiss.

**Memorandum Opinion and Order - Page 1**

## II.     Standard for Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any

documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted). Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record.'" *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief

can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

### III. Discussion

Plaintiff alleges that Defendant did not validate the debt on the Property or respond to Plaintiff's "Conditional Acceptance Upon Proof of Claim" letter ("Conditional Acceptance Letter"). Plaintiff, therefore, requests that the court enjoin Defendant from foreclosing on the Property. Defendant moves to dismiss this action and contends that Plaintiff has not alleged a claim upon which relief may be granted. Specifically, Defendant contends that Plaintiff has not alleged that he made all of the payments owed on the note. Moreover, Defendant contends that Plaintiff's Conditional Acceptance Letter constitutes a unilateral offer that was never accepted by Defendant and, therefore, does not contractually bind Defendant.

The court determines that Defendant is correct in that Plaintiff fails to state a claim upon which relief can be granted regarding his request to estop Defendant from collecting on the note and foreclosing on the Property. The court will grant Defendant PNC Bank N.A.'s Motion to Dismiss essentially for the reasons stated by Defendant. Moreover, Plaintiff did not file a response to Defendant PNC Bank N.A.'s Motion to Dismiss, which indicates to the court that he does not intend to prosecute this action.

### IV. Conclusion

For the reasons herein stated, the court **grants** Defendant PNC Bank N.A.'s Motion to Dismiss; and **dismisses with prejudice** this action. The court will promptly issue a status report

**Memorandum Opinion and Order - Page 4**

order, and once the parties have responded to the order, the court will promptly issue a scheduling order for this case. Judgment will issue by separate document as required by Federal Rule of Civil Procedure 58.

**It is so ordered** this 15th day of August, 2017.

*(signature)*
Sam A. Lindsay
United States District Judge